**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

KEVIN HOWARD,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　Plaintiff,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　v.　　　　　　　　　　　　 )　**Case No.: 1:13-cv-04542-AKH**
　　　　　　　　　　　　　　　　　　)
ALLIED INTERSTATE, LLC f/k/a ALLIED )　**COMPLAINT AND DEMAND FOR**
INTERSTATE, INC.,　　　　　　　　　 )　**JURY TRIAL**
　　　　　　　　　　　　　　　　　　)
　　　　　Defendant　　　　　　　　　)　**(Unlawful Debt Collection Practices)**
　　　　　　　　　　　　　　　　　　)

KEVIN HOWARD, ("Plaintiff"), by his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against ALLIED INTERSTATE, LLC f/k/a ALLIED INTERSTATE, INC. ("Defendant"):

## INTRODUCTION

1.　Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA.")

## JURISDICTION AND VENUE

2.　Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.　Defendant conducts business and maintains its headquarters in the State of New York, and as such, personal jurisdiction is established.

4.　Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

1

**PARTIES**

5.      Plaintiff is a natural person residing in Tacoma, Washington.

6.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7.      In the alternative, Plaintiff is a person granted a cause of action under the FDCPA.  See 15 U.S.C. §1692k(a) and Weinrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8.      Defendant is a national debt collection company with its corporate headquarters located at 335 Madison Ave, 27th Floor, New York, New York 10017.

9.      Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

10.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

11.      At all relevant times, Defendant contacted Plaintiff in its attempts to collect a consumer debt originating from a student loan for his ex-wife.

12.      The alleged debt, a student loan, arose out of transactions which were primarily for personal, family or household purposes.

13.      Plaintiff does not have a business relationship with Defendant and has not had prior dealings with Defendant.

14.      Beginning in June 2012, and extending into July 2012, Defendant placed repeated harassing telephone calls to Plaintiff's cellular telephone in its attempts to collect on

2

the subject debt.

15. Defendant's collection calls originating from numbers including but not limited to (800) 258-8074, which the undersigned has confirmed belongs to the Defendant.

16. At all times, Plaintiff disputed that he owed the debt to Defendant.

17. Defendant called Plaintiff, on average, two (2) to four (4) times a day, causing Plaintiff to receive more than ten (10) collection calls a week.

18. On more than one occasion, Defendant's collectors, including an individual who identified herself as "Candice" (phonetic), placed more than four (4) collection calls to Plaintiff in one (1) day.

19. Further, when contacting Plaintiff, Defendant would use pre-recorded messages and/or calls using a computer-generated voice.

20. When Plaintiff was able to speak to a live person, Plaintiff informed Defendant that he disputed the debt, refused to pay the debt, and to stop calling him.

21. Also, Plaintiff informed Defendant that his ex-wife was responsible for the student loans, as set forth in their divorce decree.

22. Defendant, however, failed to investigate Plaintiff's dispute of the debt and/or remove his telephone number from its call logs.

23. Rather, Defendant continued to contact Plaintiff on his cellular telephone.

24. Further, in its calls to Plaintiff, Defendant's collectors threatened Plaintiff that if he did not take care of the alleged debt, that it would take legal action and seek a judgment against him.

25. Despite these threats, Defendant never filed a lawsuit or took any legal action against Plaintiff.

3

PLAINTIFF'S COMPLAINT

26. Upon information and belief, Defendant never intended to take legal action against Plaintiff, but rather use the threat of legal process in order to coerce Plaintiff into paying a disputed debt.

27. Defendant also threatened to report the alleged debt, which Plaintiff disputed, to a credit reporting agency.

28. The alleged debt does not appear on Plaintiff's credit reports.

29. In an attempt to harass and frighten Plaintiff further, Defendant's collectors also advised Plaintiff that they would have law enforcement show up at his door if Plaintiff failed to pay the disputed debt.

30. As Defendant invoked the authority of the police, it clearly implied to Plaintiff that non-payment of the alleged debt was a crime.

31. Further, Defendant did not inform Plaintiff within five (5) days of its initial contact with him how he could dispute the debt, how he could obtain verification of the debt, or that unless he disputed the debt within thirty (30) days, the debt would be assumed to be valid.

32. In fact, Defendant never sent anything in writing to Plaintiff at all regarding the alleged debt Plaintiff owed.

33. Plaintiff did not expressly consent to Defendant's placement of telephone calls to him by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

34. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes," as specified in 47 U.S.C. § 227(b)(1)(A).

35. Upon information and belief, between June and July of 2012, Defendant contacted Plaintiff on several occasions using a pre-recorded or computer-generated voice.

4

PLAINTIFF'S COMPLAINT

36.    Defendant's continuous and repeated calls to Plaintiff were made with the intention of annoying, abusing, harassing, and coercing payment from him.

## COUNT I
## DEFENDANT VIOLATED § 1692d OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

37.    Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person, in connection with the collection of a debt.

38.    Defendant violated § 1692d of the FDCPA when it placed continuous and repeated harassing calls to Plaintiff over a two (2) month time period, when it called Plaintiff over four (4) times in a single day, when it called Plaintiff before 8:00 A.M. and after 9:00 P.M., when it used a computer-generated voice in contacting Plaintiff, when it continued to contact Plaintiff despite his demand that the calls cease, when it continued to attempt to collect a debt from Plaintiff when it knew the debt was disputed, when it threatened to take legal action against Plaintiff without the intent to do so, when it threatened to have the police come to Plaintiff's home, when it threatened to report the disputed debt to a credit reporting agency without the intent to do so, and when it engaged in other harassing and abusive conduct.

## COUNT II
## DEFENDANT VIOLATED § 1692d(5) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

39.    Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

40.    Defendant violated § 1692d(5) of the FDCPA when it caused Plaintiff's telephone to ring repeatedly and continuously, on average two (2) to four (4) times a day, and when it

5

engaged Plaintiff in telephone conversation repeatedly and continuously with the intent to harass or annoy Plaintiff.

## COUNT III
### DEFENDANT VIOLATED § 1692e OF THE
### FAIR DEBT COLLECTION PRACTICES ACT

41.    Section 1692e of the FDCPA prohibits the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt.

42.    Defendant violated § 1692e when it threatened to take legal action against Plaintiff without the intent to do so, when it threatened to report the alleged debt to credit reporting agencies, when it implied that non-payment of a debt was a crime for which Plaintiff could be arrested and when it engaged in other false or deceptive means.

43.    Section 1692e(4) bars the representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person, unless such action is lawful and the debt collector or creditor intends to take such action

44.    Defendant violated § 1692e(4) when it informed Plaintiff that it would have the police show up at Plaintiff's door if he did not pay the disputed debt, implying that nonpayment of the debt would result in his arrest or imprisonment, when such action would not be lawful and Defendant did not intend to take such action.

45.    Section 1692e(5) of the FDCPA prohibits debt collectors from making a threat to take any action that cannot legally be taken or that is not intended to be taken.

46.    Defendant violated § 1692e(5) of the FDCPA when it threatened to take legal action against Plaintiff without the intent to do so, when it threatened to report Plaintiff's alleged debt to credit reporting agencies, when it implied that non-payment of a debt was a crime for which Plaintiff could be arrested when such an action could not legally be taken and Defendant

6

did not intend to take such action.

47.     Section 1692e(7) of the FDCPA prohibits debt collections from falsely representing or implying that the consumer committed any crime or other conduct in order to disgrace the consumer.

48.     Defendant violated § 1692e(7) when it implied to Plaintiff that nonpayment of the alleged debt was a crime, by informing Plaintiff that it would have the police come to Plaintiff's home should Plaintiff not pay the disputed debt.

49.     Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

50.     Defendant violated § 1692e(10) when it threatened to take legal action against Plaintiff without the intent to do so, when it threatened to report the alleged debt to credit reporting agencies, when it implied that non-payment of a debt was a crime for which Plaintiff could be arrested and when it engaged in other false or deceptive means.

## COUNT IV
## DEFENDANT VIOLATED § 1692f OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

51.     Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect a debt.

52.     Defendant violated § 1692f of the FDCPA when it placed continuous and repeated harassing calls to Plaintiff over a two (2) month time period, when it called Plaintiff over four (4) times in a single day, when it called Plaintiff before 8:00 A.M. and after 9:00 P.M., when it used a computer-generated voice in contacting Plaintiff, when it continued to contact Plaintiff despite his demand that the calls cease, when it continued to attempt to collect a debt from Plaintiff when it knew the debt was disputed, when it threatened to take legal action against

7

Plaintiff without the intent to do so, when it threatened to have the police come to Plaintiff's home, when it threatened to report the disputed debt to a credit reporting agency without the intent to do so,. when it failed to send written notification to Plaintiff of his rights pursuant to the FDCPA, and when it engaged in other unfair conduct.

## COUNT V
## DEFENDANT VIOLATED § 1692g(a) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

53.     Section 1692g(a) of the FDCPA states that within five (5) days after the initial communication with a consumer in connection with the collection of a debt, a debt collector shall send the consumer a written notice containing the amount of the debt, the name of the creditor to whom the debt is owed, and that if the debt is disputed, the debt collector will obtain verification of the debt.

54.     Defendant violated § 1692g(a) of the FDCPA when it failed to send Plaintiff any written notice containing or describing how Plaintiff could obtain verification of the debt,  how he could dispute the debt, the amount of the debt, and the original creditor of the subject debt.

## COUNT VI
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

55.     Section 227(b)(3)(A) of the TCPA authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation."

56.     Section 227(b)(3)(B), of the Act authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater."

57.    Upon information and belief, despite the fact that Plaintiff never consented to Defendant making calls to him, Defendant repeatedly placed non-emergency calls to Plaintiff's cellular telephone without Plaintiff's consent.

58.    The Act also authorizes the Court, in its discretion, to award up to three (3) times the actual damages sustained for violations.

59.    Here, upon information and belief, Defendant repeatedly and regularly placed non-emergency, automated calls to Plaintiff using a pre-recorded or artificial voice.

60.    Upon information and belief, Defendant contacted Plaintiff on his cellular telephone several times.

61.    Defendant did not have Plaintiff's express consent prior to contacting him on his cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice.

62.    Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by making any call using any automatic telephone dialing system or an artificial prerecorded voice.

WHEREFORE, Plaintiff, KEVIN HOWARD, respectfully prays for a judgment as follows:

a.    All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b.    Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

d.    Statutory damages of $500.00 for each violation of the TCPA, pursuant to 47 U.S.C. §227(c)(5)(B); and

e.    Any other relief deemed appropriate by this Honorable Court.

9

PLAINTIFF'S COMPLAINT

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff KEVIN HOWARD, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

KIMMEL & SILVERMAN, P.C.

DATED: June 27, 2013

By: _____
    CRAIG THOR KIMMEL
    Attorney ID # 2790038
    30 E. Butler Pike
    Ambler, PA 19002
    Phone: (215) 540-8888
    Fax:  (877) 617-2515
    Email: kimmel@creditlaw.com

PLAINTIFF'S COMPLAINT